**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAKHVIR SINGH, | No. 08-73005 |
| Petitioner, | Agency No. A096-148-660 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2011[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Lakhvir Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order summarily affirming an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence adverse credibility findings. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Singh's shifting testimony regarding why he did not obtain a letter from the village doctor.  *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151-52 (9th Cir. 1999) (inconsistencies in petitioner's testimony supported the adverse credibility determination); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (inconsistencies deprived claim of requisite "ring of truth").  We decline to reach Singh's unexhausted claim that he is eligible for humanitarian asylum.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  In the absence of credible testimony, Singh's asylum and withholding of removal claims fail.  *See Farah*, 348 F.3d at 1156.

Substantial evidence also supports the IJ's denial of CAT relief, because Singh failed to establish it is more likely than not that he will be tortured if returned to India.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

08-73005